1  JOSHUA S. GOODMAN, ESQUIRE – State Bar #116576
   ZACHARY S. TOLSON, ESQUIRE – State Bar #242824
2  JENKINS GOODMAN NEUMAN & HAMILTON LLP
   417 Montgomery Street, 10th Floor
3  San Francisco, California. 94104
   Telephone: (415) 705-0400
4  Facsimile: (415) 705-0411
   jgoodman@jgn.com
5  ztolson@jgn.com

6  Attorneys for Defendant
   HOME DEPOT U.S.A., INC.
7

8              UNITED STATE DISTRICT COURT FOR

9        THE NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

10

11 BETTIE CLARK,                    | Case No. C07-05273 JSW
12                     Plaintiff,   | JOINT CASE MANAGEMENT
                                    | CONFERENCE STATEMENT
13 vs.                              |
                                    | [FRCP 26(a)(1)]
14 THE HOME DEPOT U.S.A., INC., et  | [CIVIL LOCAL RULE 16-9]
   al.,                             |
15                                  |
                       Defendants.  |
16

17           JOINT CASE MANAGEMENT CONFERENCE STATEMENT

18     Defendant HOME DEPOT U.S.A., INC., (erroneously sued herein as "THE HOME

19 DEPOT U.S.A., INC.") and Plaintiff BETTIE CLARK hereby jointly submit the following

20 status report:

21 1.    **Jurisdiction and Service**

22     The amount in controversy exceeds the jurisdictional minimum. The parties are

23 diverse. This accident happened in El Cerrito, California. Home Depot may wish to Cross-

24 Complain against the party or parties responsible for designing, engineering, and/or

25 constructing the area at issue in this case. At this time, there are no outstanding service-of-

26 process issues. There may be undiscovered parties with liability.

-1-

2. **Statement of Facts**

On February 17, 2007, Plaintiff, 79 year old Bettie Clark, and her daughter, were leaving the Home Depot located at 11939 San Pablo Ave., in El Cerrito, CA. Upon exiting the building, Plaintiff tripped and fell on the edge of a curb where the curb tapered to the ground, located between the walkway and the parking lot, causing personal injury.

3. **Legal Issues**

Plaintiff alleges a negligence (premises liability) cause of action, that the area of the accident was an unsafe, dangerous and defective condition for patrons. Plaintiff maintains that the curb jutted in to a designated walkway unsafely. Home Depot contends, in part, that the curb was open an open and obvious condition and that Plaintiff had a duty to be careful and watch where she was walking, and that the curb did not intrude upon a designated walkway.

4. **Anticipated Motions with Suggested Dates**

Motions in limine, motion for summary judgment, dates unknown.

5. **Anticipated Amendment of Pleadings**

At this time it is not anticipated that the any pleadings need to be amended.

6. **Anticipated Outstanding Discovery**

Deposition of Plaintiff, deposition of Plaintiff's medical providers, independent medical examination of Plaintiff, deposition of Home Depot's persons most knowledgeable, interrogatories, requests for production, requests for admission, depositions of Home Depot employees.

7. **Disclosures**

Pursuant to FRCP 26, initial disclosures shall be made within 14 days of this Case Management Conference.

Jonklaas Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

8. **Discovery**

Home Depot has served the following discovery to date: Request for Statement of Damages; Request for Production of Documents; Form Interrogatories; and Special Interrogatories. Plaintiff has submitted responses to all of Home Depots previously served discovery. Plaintiff has served Form Interrogatories, Special Interrogatories, and Request for Production of Documents, but the case was removed to Federal Court before Home Depot responded. Plaintiff maintains that Defendant should respond to her discovery, which was served prior to Removal.

Discovery is needed on the nature and extent of Plaintiff's alleged injuries, and related past injuries, and her conduct on the day of the incident. Discovery is also needed on Plaintiff's companion on the date of the accident. Discovery is needed regarding Home Depot's persons most knowledgeable and employees, as disclosed in the written discovery. No special discovery timing rules are needed. Home Depot typically requires a stipulated protective order be granted when producing proprietary or confidential documents, including, but not limited to, CCTV video, policies and procedures, historical data, etc.

9. **Class Actions**

N/A.

10. **Related Cases**

Unknown.

11. **Relief Sought**

In the course of the accident, Mrs. Clark sustained severe bilateral dislocation fractures of both elbows known as Monteggia fractures, a nasal fracture and facial abrasions. She spent 5 days in the hospital and more than a month in a nursing facility immediately after the accident. She has undergone 4 surgeries, two on each elbow. In the first two surgeries, performed during her first hospital stay, the elbow fractures were pinned, wired and casted. The pins were removed from the right arm first and from

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St
10th Floor
San Francisco, CA
94104
(415) 705-0400

1  the left in a subsequent fourth surgery. At this point, nearly a year post accident, she
2  continues to suffer from bilateral elbow pain and stiffness, worse on the right. She cannot
3  straighten her elbows. While the elbow pain appears to be slowly improving, the stiffness
4  and decrease in mobility have plateaued. Her medical expenses to date are as follows:

| | | |
|---|---|---:|
| a. | American Medical Response | 1,158.10 |
| b. | West Contra Costa Healthcare / Doctors Medical Center | 98,451.75 |
| c. | Jodi Adams, M.D. / California Emergency Physicians | 251.00 |
| d. | San Pablo Anesthesia Medical Group / William Nelson, M.D. | 1,755.00 |
| e. | East Bay Cardiology / Raymond Chang, M.D. | 265.50 |
| f. | Mercy Medical Transport | 527.06 |
| g. | Ray Seet, M.D. | 150.00 |
| h. | Northgate Personal Care | 12,052.20 |
| i. | Warren Becker, M.D. / Community Mobile Diagnostics | 62.40 |
| j. | David Jensen, M.D. | 99.00 |
| k. | Joseph Matan, M.D. | 4,554.60 |
| l. | Hilltop Imaging & Diagnostic Center - | 263.00 |
| | **Total Medical Specials** | **$119,339.61** |
| m. | Pain and suffering | 250,000.00 |
| | **Total** | **$369,339.61** |

Home Depot contends damages should be calculated according to comparative fault principles, any recovery being reduced in accordance with proportional liability doctrines and affirmative defenses.

12. **Settlement and ADR**

The amount claimed exceeds $350,000.00, and Home Depot's liability is contested. Home Depot maintains that the prospect for settlement is not good at this point. All counsel has complied with ADR L.R. 3-5.

The depositions of Plaintiff, her companion on the day of the accident, select medical care providers, and Home Depot "persons most qualified" and/or employees identified in written discovery are key to determine the viability of a motion for summary judgment and damages. Receipt and evaluation of all medical records and relevant medical history is necessary to determine viability and monetary range of settlement negotiations. Plaintiff has offered to produce these records voluntarily.

13. **Consent to Magistrate Judge for All Purposes**

Both parties consent to magistrate.

14. **Other References**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multi-jurisdictional litigation.

15. **Narrowing of Issues**

At this time there are no issues to be narrowed by agreement or by motion, there are no suggestions to expedite the presentation of evidence at trial, other than addressing foundation for medical bills and records, and no request to bifurcate issues, claims or defenses.

16. **Expedited Schedule**

At this time, this case has no issues to expedite or streamline.

17. **Scheduling**

Proposed dates:

Designation of Experts:   July 2008.

Discovery Cutoff:   September 2008.

Dispositive Motion Cutoff: December 2008

Pretrial Conference:   January 2009

Trial:   February 2009

18. **Trial**

Jury trial requested. Defendant requests a jury of 12 members pursuant to FRCP 48.

19. **Disclosure of Non-party Interested Entities or Persons**

Defendant has filed the "Certification of Interested Entities or Persons," as required by Civil Local Rule 3-16. Home Depot's Certification identified Home Depot U.S.A., Inc. – Defendant. Plaintiff has not indicated any interested parties other than herself.

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St
10th Floor
San Francisco, CA
94104
(415) 705-0400

20. **Other Matters That May Be Conducive To Just And Expeditious Disposition**

It will be conducive to the just and expeditious disposition of the case if Plaintiff agrees to waive time for notice to consumer on subpoenas for medical records and billing. Plaintiff's attorney has agreed.

DATED: January 24, 2008

JENKINS GOODMAN NEUMAN & HAMILTON LLP

By: _____
ZACHARY S. TOLSON
Attorneys for Defendant
HOME DEPOT U.S.A., INC.

DATED: January 24, 2008

FRIETAS, MCCARTHY, MACMAHON & KEATING, LLP

By: _____
THOMAS F. KEATING, JR.
Attorneys for Plaintiff
BETTIE CLARK

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St
10th Floor
San Francisco, CA
94104
(415) 705-0400