JOSHUA S. GOODMAN, ESQUIRE - State Bar #116576
ZACHARY S. TOLSON, ESQUIRE - State Bar #242824
JENKINS GOODMAN NEUMAN & HAMILTON LLP
417 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone:   (415) 705-0400
Facsimile:    (415) 705-0411
jgoodman@jgn.com
ztolson@jgn.com

Attorneys for Defendant
HOME DEPOT U.S.A., INC.

UNITED STATE DISTRICT COURT FOR

THE NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| BETTIE CLARK, | Case No. 3:07-cv-05273-EMC |
|---|---|
| Plaintiff, | HOME DEPOT U.S.A., INC.'S FRCP 26(a)(1) INITIAL DISCLOSURES |
| vs. | |
| THE HOME DEPOT U.S.A., INC., et al., | [FRCP 26(a)(1)] |
| Defendants. | |

Pursuant to FRCP 26(a)(1), Defendant HOME DEPOT U.S.A., INC., erroneously sued herein as THE HOME DEPOT U.S.A., INC., hereby makes its mandatory initial disclosures of information reasonably available at this time as follows.

A.   **WITNESSES.**

**1. Kevin Tibbetts.**

Home Depot manager. Mr. Tibbetts responded at the scene of the accident. Mr. Tibbetts is a Home Depot employee and should be contacted only through counsel.

**2. Alasdair Macdonald.**

Mr. Macdonald is a security guard for Pinkerton. He was in the parking lot on the day of the accident and responded to the accident.

-1-

DEFENDANT HOME DEPOT U.S.A., INC.'S RULE 26(a)(1) INITIAL DISCLOSURES

### 3. Lanny Hillencamp.

Home Depot is informed and believes that Ms. Hillencamp was the individual who was accompanying Plaintiff to the parking lot at the time of the accident and likely has knowledge regarding the factual circumstances regarding the accident and other related topics.

### 4. Jeremy Clark.

Home Depot is informed and believes that Mr. Clark is Plaintiff's son and that he handled Plaintiff's claim until a lawsuit was filed. He is likely familiar with Plaintiff and her injuries, and also any pre-existing conditions she may have had.

### 5. EMTs.

Home Depot is informed and believes that emergency medical staff responded to the accident. They likely have knowledge regarding the accident and Plaintiff's medical conditions. Their identity is unknown to Defendant at this time.

### 6. Bettie Clark.

Plaintiff. She has knowledge regarding herself, her injuries, her history, and other topics related to her injuries and this accident.

### 7. Engineering, Design, and/or Construction Firms.

Home Depot is in the process of ascertaining which entities and individuals were responsible for the engineering, design and/or construction of the curb at issue in this case.

### 8. City Planners, Engineers, Designers.

Home Depot is unsure of the precise identities of the individuals or municipal agencies responsible for approving, and/or creating the guidelines, regulations, and/or requirements governing the parking lot area at issue in the case. However, there may be witnesses from theses as yet undetermined agencies who will provide testimony regarding the same.

DEFENDANT HOME DEPOT U.S.A., INC.'S RULE 26(a)(1) INITIAL DISCLOSURES

Jenkins Goodman Neuman & Hamilton LLP
417 Montgomery St.
10th Floor
San Francisco, CA 94104
(415) 705-0400

**9. Treating Physicians.**

Plaintiff's treating physicians may be called upon to provide testimony regarding the nature and extent of her injuries. Home Depot has not yet received a copy of the medical records, so cannot yet determine which individuals may become witnesses.

**10. Experts.**

Home Depot will disclose their experts pursuant to normal FRCP expert disclosure requirements, or pursuant to a court order.

**B.    DOCUMENTS**

**1. Photographs.**

Home Depot possesses 5 photographs of the area of the accident on or around the date of the accident by Home Depot. These photos were taken for the purpose of litigation and are protected by attorney-client and work-product privileges.

Home Depot also possesses 18 photographs of the area of the accident which were taken by Zachary S. Tolson, Esq., counsel for Home Depot. These photos were taken for the purpose of litigation and are protected by attorney-client and work-product privileges.

**2. Other Documents.**

Alasdair Macdonald has provided a copy of his log entry regarding the accident.

Various documents pertaining to zoning ordinances, regulations, construction, planning, engineering, and/or design. The extent and potential applicability of these documents to this case is as yet unknown.

**C.    COMPUTATION OF DAMAGES**

See Plaintiff's disclosures.

//
//
//
//

Jenkins Goodman Neuman & Hamilton LLP
417 Montgomery St.
10th Floor
San Francisco, CA 94104
(415) 705-0400

DEFENDANT HOME DEPOT U.S.A., INC.'S RULE 26(a)(1) INITIAL DISCLOSURES

D. **INSURANCE POLICIES**

Answering party maintains a self-insured retention of $1 million subject to a policy of insurance that then affords liability coverage above the $1 million retention.

DATED: March 12, 2008

JENKINS GOODMAN NEUMAN
& HAMILTON LLP

By: _____
JOSHUA S. GOODMAN
ZACHARY S. TOLSON
Attorneys for Defendant
HOME DEPOT U.S.A., INC.

f:\docs\jsg\clark v. home depot\discovery\initial disclosures.clark.zst.doc

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

DEFENDANT HOME DEPOT U.S.A., INC.'S RULE 26(a)(1) INITIAL DISCLOSURES