1  JOSHUA S. GOODMAN, ESQUIRE - State Bar #116576
   ZACHARY S. TOLSON, ESQUIRE – State Bar #242824
2  JENKINS GOODMAN NEUMAN & HAMILTON LLP
   417 Montgomery Street, 10th Floor
3  San Francisco, California  94104
   Telephone:  (415) 705-0400
4  Facsimile:  (415) 705-0411
   jgoodman@jgn.com
5  ztolson@jgn.com

6  Attorneys for Defendant
   HOME DEPOT U.S.A., INC.
7

8              UNITED STATE DISTRICT COURT FOR

9      THE NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

10

11 BETTIE CLARK,                          Case No. 3:07-cv-05273-EMC

12                          Plaintiff,    **JOINT CASE MANAGEMENT
                                          CONFERENCE STATEMENT**
13 vs.
                                          **[FRCP 26(a)(1); CIVIL LOCAL RULE 16-9]**
14 THE HOME DEPOT U.S.A., INC., et al.,
                                          **CMC Date:        April 23, 2008**
15                          Defendants.   **Department:       C**
                                          **Judge:           Magistrate Edward M. Chen**
16

17          <u>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**</u>

18          Defendant HOME DEPOT U.S.A., INC., (erroneously sued herein as "THE HOME

19 DEPOT U.S.A., INC.") and Plaintiff BETTIE CLARK hereby jointly submit the following status

20 report:

21 **1.      <u>Jurisdiction and Service</u>**

22          The amount in controversy exceeds the jurisdictional minimum.  The parties are diverse.

23 This accident happened in El Cerrito, California. Home Depot may wish to Cross-Complain

24 against the party or parties responsible for designing, engineering, and/or constructing the area at

25 issue in this case. At this time, there are no outstanding service-of-process issues.  There may be

26 undiscovered parties with liability.

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-1-

2.     **Statement of Facts**

On February 17, 2007, Plaintiff, 79 year old Bettie Clark, and her daughter, were leaving the Home Depot located at 11939 San Pablo Ave., in El Cerrito, CA.  Upon exiting the building, Plaintiff tripped and fell on the edge of a curb where the curb tapered to the ground, located between the walkway and the parking lot, causing personal injury.

3.     **Legal Issues**

Plaintiff alleges a negligence (premises liability) cause of action, that the area of the accident was an unsafe, dangerous and defective condition for patrons.  Plaintiff maintains that the curb jutted in to a designated walkway unsafely.  Home Depot contends, in part, that the curb was open an open and obvious condition and that Plaintiff had a duty to be careful and watch where she was walking, and that the curb did not intrude upon a designated walkway.

4.     **Anticipated Motions with Suggested Dates**

Motions in limine, motion for summary judgment, dates unknown.

5.     **Anticipated Amendment of Pleadings**

Home Depot has discovered several boxes of construction documents dating back at least 15 years.  Plaintiff may want to amend the pleadings to further complain against one or more of the entities and/or individuals from the information gleaned from these documents, once reviewed.

6.     **Anticipated Outstanding Discovery**

Per prior court order, Home Depot responded to modified and amended versions of discovery that was propounded by Plaintiff's counsel when this case was in State Court.  At the time the responses were served, Home Depot was in the process of making a diligent search and investigation for the categories of documents and information that were requested, but was unable to provide a satisfactory response.  Subsequently, all counsel have conferred and Home Depot is preparing construction/design documents and information, as well as reports of other incidents at the store in question and other Home Depots.  By agreement, requests for other accident information at the store in question has been narrowed to "trip and falls" associated with the

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-2-

1    curb/tire-stop and exterior walkway where Ms. Clark fell, for the entire history of that particular

2    store.  Further, counsel are in process of reaching an agreement as to requests for other similar

3    accident information for all Home Depot locations for the past five years preceding the incident in

4    this case.

5        Further anticipated discovery consists of: deposition of Plaintiff, deposition of Plaintiff's

6    friend, Lanny Hillencamp, deposition of Plaintiff's son in law, deposition of Plaintiff's medical

7    providers, independent medical examination of Plaintiff, deposition of Home Depot's persons

8    most knowledgeable, interrogatories, requests for production, requests for admission, depositions

9    of Home Depot employees.

10   **7.    Disclosures**

11       Pursuant to FRCP 26, initial disclosures have been made by both parties.

12   **8.    Discovery**

13       Home Depot has served the following discovery to date: Request for Statement of

14   Damages; Request for Production of Documents; Form Interrogatories; and Special

15   Interrogatories.  Plaintiff has submitted responses to all of Home Depots previously served

16   discovery.  Plaintiff has served Form Interrogatories, Special Interrogatories, and Request for

17   Production of Documents, but the case was removed to Federal Court before Home Depot

18   responded.  Home Depot has responded these discovery requests, per court order, which is

19   discussed in Paragraph 6, above.

20       Home Depot has subpoenaed the medical and billing records associated with this case, but

21   not all of the records have been produced yet, and further discovery is needed on the nature and

22   extent of Plaintiff's alleged injuries, related past injuries, and her conduct on the day of the

23   incident.  Discovery is also needed on Plaintiff's companion on the date of the accident.

24   Discovery is needed regarding the design and construction of the curb/walkway in question, and

25   all applicable related codes, regulations, or zoning laws, etc.  Discovery is needed regarding Home

26   Depot's persons most knowledgeable and employees, as disclosed in the written discovery.  No

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-3-

1  special discovery timing rules are needed. Home Depot typically requires a stipulated protective

2  order be granted when producing proprietary or confidential documents, including, but not limited

3  to, CCTV video, policies and procedures, historical data, etc. Home Depot has conferred with

4  counsel and agreed to submit a stipulated protective order prior to the production of any

5  documents. The stipulated protective order is currently being drafted.

6  **9.     Class Actions**

7      N/A.

8  **10.    Related Cases**

9      Unknown.

10  **11.    Relief Sought**

11      In the course of the accident, Mrs. Clark sustained severe bilateral dislocation fractures

12  of both elbows known as Monteggia fractures, a nasal fracture and facial abrasions. She spent 5

13  days in the hospital and more than a month in a nursing facility immediately after the accident.

14  She has undergone 4 surgeries, two on each elbow. In the first two surgeries, performed during her

15  first hospital stay, the elbow fractures were pinned, wired and casted. The pins were removed from

16  the right arm first and from the left in a subsequent fourth surgery. At this point, nearly a year

17  post accident, she continues to suffer from bilateral elbow pain and stiffness, worse on the right.

18  She cannot straighten her elbows. While the elbow pain appears to be slowly improving, the

19  stiffness and decrease in mobility have plateaued. Her medical expenses to date are as follows:

| | | |
|---|---|---:|
| a. | American Medical Response | 1,158.10 |
| b. | West Contra Costa Healthcare / Doctors Medical Center | 98,451.75 |
| c. | Jodi Adams, M.D. / California Emergency Physicians | 291.00 |
| d. | San Pablo Anesthesia Medical Group / William Nelson, M.D. | 1,725.00 |
| e. | East Bay Cardiology / Raymond Chang, M.D. | 25.50 |
| f. | Mercy Medical Transport     537.06 | |
| g. | Ray Seet, M.D. | 190.00 |
| h. | Northgate Personal Care     12,022.20 | |
| i. | Warren Becker, M.D. / Community Mobile Diagnostics | 12.40 |
| j. | David Jensen, M.D. | 99.00 |
| k. | Joseph Matan, M.D. | 4,584.60 |
| l. | Hilltop Imaging & Diagnostic Center -   213.00 | |
| | Total Medical Specials | $119,309.61 |

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-4-

| m.  Pain and suffering | 250,000.00 | |
|---|---|---|
| **Total** | | **$369,309.61** |

Home Depot contends damages should be calculated according to comparative fault principles, any recovery being reduced in accordance with proportional liability doctrines and affirmative defenses.

**12.    Settlement and ADR**

The amount claimed exceeds $350,000.00, and Home Depot's liability is contested. Home Depot maintains that the prospect for settlement is not good at this point. All counsel has complied with ADR L.R. 3-5.

The depositions of Plaintiff, her companion on the day of the accident, select medical care providers, and Home Depot "persons most qualified" and/or employees identified in written discovery are key to determine the viability of a motion for summary judgment and damages. Receipt and evaluation of all medical records and relevant medical history is necessary to determine viability and monetary range of settlement negotiations. Plaintiff has offered to produce these records voluntarily.

**13.    Consent to Magistrate Judge for All Purposes**

Both parties consent to magistrate.

**14.    Other References**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multi-jurisdictional litigation.

**15.    Narrowing of Issues**

At this time there are no issues to be narrowed by agreement or by motion, there are no suggestions to expedite the presentation of evidence at trial, other than addressing foundation for medical bills and records, and no request to bifurcate issues, claims or defenses.

**16.    Expedited Schedule**

At this time, this case has no issues to expedite or streamline.

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

**17.**    <u>**Scheduling**</u>

| | |
|---|---|
| Deadline for Plaintiff to Amend the Complaint: | June 2008. |
| Designation of Experts: | August 2008. |
| Discovery Cutoff: | October 2008. |
| Dispositive Motion Cutoff: | January 2009. |
| Pretrial Conference: | February 2009. |
| Trial: | March 2009. |

**18.**    <u>**Trial**</u>

Jury trial requested.  Defendant requests a jury of 12 members pursuant to FRCP 48.

**19.**    <u>**Disclosure of Non-party Interested Entities or Persons**</u>

Defendant has filed the "Certification of Interested Entities or Persons," as required by Civil Local Rule 3-16.  Home Depot's Certification identified Home Depot U.S.A., Inc. – Defendant.  Plaintiff has not indicated any interested parties other than herself.

**20.**    <u>**Other Matters That May Be Conducive To Just And Expeditious Disposition**</u>

Plaintiff counsel has agreed to waive time for notice to consumer on subpoenas for medical records and billing.

DATED:  April 16, 2008                    JENKINS GOODMAN NEUMAN & HAMILTON LLP


                                          By:    _____/s/_____
                                                 ZACHARY S. TOLSON
                                                 Attorneys for Defendant
                                                 HOME DEPOT U.S.A., INC.

DATED:  April 16, 2008                    FRIETAS, MCCARTHY, MACMAHON & KEATING, LLP


                                          By:    _____/s/_____
                                                 CHRISTIAN F. KEMOS
                                                 Attorneys for Plaintiff
                                                 BETTIE CLARK

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-6-

JOINT CASE MANAGEMENT CONFERENCE STATEMENT